Argued and submitted November 30, 1990, affirmed April 10, reconsideration denied June 26, petition for review denied July 23, 1991 (311 Or 644)

# PAUL TYRRELL,
*Appellant,*

*v.*

# Manfred (Fred) MAASS,
*Respondent.*

(89C-11901; CA A64405)

808 P2d 732

Hari Nam S. Khalsa, Salem, argued the cause for appellant. On the brief were Sally L. Avera, Public Defender, and Stephen J. Bedor, Salem.

Ann Kelley, Assistant Attorney General, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Marianne Ghim, Certified Law Student.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

**DE MUNIZ, J.**

This is a *habeas corpus* action. Without reaching the merits, the circuit court dismissed the writ that it had previously issued. We affirm.

In his replication, plaintiff alleges that he has multiple chronic medical problems, including obstructive pulmonary disease, coronary disease with chest pain and mild congestive heart failure and that defendant is aware of those conditions. Plaintiff also alleges that he is suffering from "unknown effects" of radiation experiments in which he participated in the years 1963 to 1973. He believes that his heart condition "may" be the result of, or be aggravated by the effects of, those experiments. Defendant refuses to allow plaintiff to be evaluated by qualified professionals of the Oregon Health Sciences University or by other qualified professionals not employed by the Corrections Division.

Plaintiff claims that an evaluation is required by Oregon Laws 1987, chapter 486 (the act),[1] and that defendant's refusal to comply with the act subjects him to cruel and unusual punishment under the Eighth Amendment and Article I, section 16, of the Oregon Constitution. He asks the court to order defendant to provide him with annual evaluation examinations as provided for under the act and to allow him to

---

[1] Between 1963 and 1973, the Pacific Northwest Research Foundation conducted a study on the effects of radiation in which some inmates participated. As part of the study, researchers subjected the testes of inmates to radiation. In 1987, the Oregon Legislature enacted the legislation in reaction to that study. The act provides:

"(1) A person who while an inmate of a penal or correctional institution in this state was subjected to radiation as part of a study on the effects of radiation conducted under the auspices of the Pacific Northwest Research Foundation between the dates of 1963 and 1973 is entitled to:

"(a) Receive an annual evaluation of the consequences of the radiation experiments and care or treatment for any condition directly related to such experiments;

"(b) Have evaluation and care or treatments described in paragraph (a) of this subsection provided by qualified professionals of the Oregon Health Sciences University or by other qualified professionals not employed by the Corrections Division of the Department of Human Resources; and

"(c) Maintain an action to obtain the services identified under this section without any limitation of time when the action must be commenced.

"(2) The examination, care and treatment required under subsection (1) of this section shall be without expense to the person. Costs shall be paid by the Corrections Division of the Department of Human Resources."

receive care and treatment by the appropriate professionals for his heart condition, if they determine that he suffers from a condition that is directly related to the radiation experiments.

The threshold issue is whether plaintiff's claim is sufficient for *habeas corpus* relief. The circuit court concluded that it is not, and we agree. Plaintiff's replication fails to demonstrate a need for immediate judicial scrutiny and relief. He alleges only that his chronic heart ailments, for which he is already receiving treatment, "may" be related to or aggravated by experimental radiation exposure. He seeks an order mandating annual evaluations provided for in the act. Although plaintiff is entitled to those evaluations, he has not alleged any need for immediate judicial scrutiny when the relief sought is an order for an examination that must be provided annually.

Because one of the two "essential elements" that must "coincide" under the test established in *Penrod/Brown v. Cupp,* 283 Or 21, 28, 581 P2d 934 (1978), is not present, we need not discuss whether alternative remedies are adequate. We hold that the claim is not a basis for *habeas corpus* relief, because there is no showing of a need for immediate judicial scrutiny.

Affirmed.